IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| John Woods, | ) | C.A. No.: 2:11-cv-2855-PMD-BHH |
| | ) | |
| Plaintiff, | ) | |
| | ) | **COMPLAINT** |
| vs. | ) | |
| | ) | (Jury Trial Requested) |
| The Boeing Company, | ) | |
| | ) | |
| Defendant. | ) | |

INTRODUCTION

This is an action arising under Title I of the Americans with Disabilities Act (ADA) and the ADA Amendments Act of 2008 (ADAAA) which went into effect January 1, 2009; under 42 U.S.C. § 12101 et seq, amended specifically to carry out the ADA's objectives of providing a clear and comprehensive national mandate for the elimination of discrimination and clear, strong, consistent, enforceable standards addressing discrimination by reinstating a broad scope of protection to be available under the ADA. Boeing failed to provide reasonable accommodations for John Woods and instead subjected him to disciplinary actions, retaliation for engaging in protected activity, and ultimately termination and failure to reinstate him, all of which were in violation of the ADA and ADAAA.

I. PARTIES

1.   Plaintiff John Woods is a citizen and resident of Charleston, South Carolina, who was employed by Defendant in September 2009 as an engineer and whose job was, among other

1

things, to design repair templates for the first of its kind, all composite fuselage, 787 Dreamliner.

2. Defendant is an aircraft manufacturer organized and existing pursuant to the laws of one of the States of the United States, and which operates a manufacturing facility in Charleston, South Carolina.

## II. JURISDICTION

3. In this matter, Plaintiff seeks relief under the Americans with Disabilities Act (ADA) and the ADA as Amended, (ADAA) 42 U.S.C. § 12112 et seq, invoking 28 U.S.C. 451, 1331, 1337, 1343, and 1345 and incorporating by reference Pub. L. No. 96–486, and 110-325, and the Civil Rights Act of 1964 and the Civil Rights Act of 1991.

4. Boeing is a covered entity for purposes of the ADA, because it employs several thousand employees in South Carolina alone.

5. Plaintiff is a disabled person, diagnosed with Obsessive Compulsive Disorder, Attention Deficit Disorder, and Depression, which are impairments which substantially limit major life activities within the meaning of the ADA and ADAA, who was qualified, with or without reasonable accommodation to perform the essential functions of his job.

6. Plaintiff has satisfied all conditions precedent prior to filing this Complaint by filing a charge with the EEOC and which resulted in a Right to Sue Notice issued from the EEOC.

## III. VENUE

7. Venue is proper in this district, pursuant to 28 U.S.C. § 1391(a), as Plaintiff is a United States Citizen and resident of Charleston County, South Carolina, and Defendant operated a facility in Charleston County at the time of, and wherein, the acts and/or omissions complained

of occurred.

## IV. ALLEGATIONS

8. Plaintiff suffers from Obsessive Compulsive Disorder, Attention Deficit Disorder, and Depression which are recognized impairments under the ADA and ADAAA and which substantially limit such major life functions as sleeping, eating, thinking, concentrating. And communicating.

9. When hired by Boeing, Plaintiff disclosed that he had a qualified disability, and as such, Boeing was on notice that Plaintiff had a record of impairment, and by his disclosure, Plaintiff began a series of protected actions under the ADA and ADAAA.

10. Prior to being hired by Boeing, Plaintiff worked for over twenty years as an engineer, with intermittent periods of total disability for which he received disability benefits.

11. At the time of hire and for the first ten months of employment with Boeing, Plaintiff was able to perform his job without any accommodations.

12. For the first ten months at Boeing, Plaintiff received no substantial criticism of his job performance. He routinely worked overtime to complete the first repair template for the first of its kind all composite fuselage, but he began to experience resistance and harassment from co-workers and supervisors which affected his health and his performance.

13. After Plaintiff complained to Boeing's HR department that he was being harassed, thus engaging in protected activity, he was placed on a performance improvement plan (PIP) on August 16, 2010, which promised him that guidance and resources would be provided to assist him in meeting performance expectations.

14. Boeing subsequently denied Plaintiff's requests to work flextime or overtime

because of his disability and did not provide resources to assist Plaintiff. Plaintiff explained to his supervisors the difficulties he was having with communication, concentration, thinking, stopping and starting work, sleeping and other major life activities. He was having particular trouble with face to face communication and requested that email be used instead, as he was unable to recall information and react in a timely manner.

15. Plaintiff's health began to deteriorate and his symptoms worsened, but his product, the first repair template, was approved by Boeing and released for use as an official document, entitled "Stringer Overlay Repair Planning Template-6 Plies or Less" and given control number SC: 083110-001, effective 08/31/2010.

16. On August 31, 2010, Plaintiff's psychiatrist requested reasonable accommodations to assist Plaintiff in his employment due to his deteriorating health. These accommodations were: that his performance should be limited to supervisory or individual contributor but not at the same time; frequent positive affirmations and behavior modification through encouragement, tolerance for less than perfection, and adjusted schedule (8:00-4:30).

17. Rather than speaking with Plaintiff's psychiatrist, Boeing performed a *pro forma* evaluation of Plaintiff's request on September 8, 2010 which took thirty minutes and which did not include any on site vocational evaluation or consultation with a specialist.

18. The requested accommodations would have allowed Plaintiff to work within a better structure for his disabilities but would not have created an undue hardship for Boeing. Moreover, the requested accommodations were not rigid but merely suggestive of a more flexible schedule and more encouragement, without proscribing necessary criticism.

19. The requested accommodations were well within Boeing's accommodation

policy PRO-784, where policy adjustments and changes in the work environment are specifically referenced as possible accommodations.

20. Boeing denied Plaintiff reasonable accommodations except that it delayed his start time by a half hour. This delay was in effect for only one or two weeks before Plaintiff was terminated which rendered it meaningless.

21. On September 13, 2010, Plaintiff complained about harassment to Boeing's EEO department and notified them of his declining health and reiterated his request for accommodations. He also specifically requested that the PIP be deleted and that if any performance issues be considered after these accommodations were in place.

22. On September 21, 2010, Plaintiff was terminated for the stated reason of failure to improve job performance, only weeks after Plaintiff had requested accommodations and had availed himself of the provisions in Boeing's policy which were protected activities.

23. In accordance with Boeing policy PRO 780, Plaintiff requested Alternative Dispute but was denied access to the ADR process because he lodged a complaint with Boeing's EEO office.

24. The practices alleged above have directly and proximately deprived Plaintiff of equal employment opportunities and adversely affected his status as an employee because of Boeing's actions, deprived him of income and earning potential, and incurring the costs of seeking other employment. In addition, these practices have directly and proximately caused him mental anguish, humiliation, pain and suffering, and diminished quality of life necessitating medical care and treatment and the costs associated with same.

25. The unlawful unemployment practices complained of above were intentional.

26.     Boeing at all relevant times has been acting with malice or reckless indifference to the federally protected rights of Plaintiff, in violation of the ADA and ADAAA, 42 U.S.C. §12101 et seq.

## V. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays for the following relief:

A.      That the Court permanently enjoin Defendant from such unlawful practices.

B.      That John Woods be made whole by providing back pay with prejudgment interest, in an amount to be proven at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement to his rightful place.

C.      That John Woods be made whole by providing compensation for past and future pecuniary losses, including but not limited to, relocation expenses, job search expenses and medical expenses incurred due to the actions of Defendant.

D.      That John Woods be made whole, by providing compensation for non-pecuniary losses, including emotional pain, suffering, loss of enjoyment of life, humiliation, inconvenience, mental anguish, and embarrassment, in amounts to be determined at trial.

E.      That John Woods be awarded punitive damages for Defendant's malicious and/or reckless conduct, in an amount to be determined at trial.

F.      That the Court order Defendant to pay attorneys fees and costs incurred by Plaintiff in prosecuting this action and such other relief as the Court and jury deem necessary and proper.

(signature page to follow)

Respectfully Submitted,

GRIMBALL & CABANISS, L.L.C.

By  /s/ LAURA C. WARING
LAURA C. WARING, FED.ID.#9199

PO Box 816
Charleston, SC 29402
(843) 722-0311
e-mail: laura.waring@grimcab.com
ATTORNEYS FOR THE PLAINTIFF

Charleston, SC

October 20, 2011