IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| John Woods, | ) | C.A. No.: 2:11-CV-2855-RMG |
| | ) | |
| Plaintiff, | ) | |
| | ) | **PLAINTIFF'S OBJECTIONS TO** |
| | ) | **DEFENDANT'S BILL OF COSTS** |
| vs. | ) | |
| | ) | |
| The Boeing Company, | ) | |
| Defendant. | ) | |

## LEGAL STANDARD

Boeing has moved for an award of costs under Federal Rule of Civil Procedure 54(d)(1). Under the rule, prevailing parties are entitled to move for an award of costs; however, the Court may exercise its discretion to deny costs where it is able to articulate a good reason for doing so. Teague v. Bakker, 35 F.3d 978 (4th Cir. 1994). In Teague, the Fourth Circuit turned to other jurisdictions to elucidate what might constitute a "good reason" in this context. The Sixth Circuit has suggested that "good reasons" might include the excessiveness of costs in a particular case, actions taken by the prevailing party which unnecessarily prolonged trial or injected meritless issues, the fact that the prevailing party's recovery is so small that the prevailing party is victorious in name only, and the fact that the case in question was a close and difficult one. *Id* citing White & White, Inc. v. American Hosp. Supply Corp., 786 F.2d 728, 730 (6th Cir.1986). The Seventh Circuit has suggested that "good reasons" may arise from "objective factors[,] such

as the resources of the parties, the defendant's efforts or lack thereof to mitigate his damages, and the outcome of the underlying suit." *Id* citing Coyne-Delany Co., 717 F.2d at 392.

Thus, in reviewing the District Court's denial of costs in Teague, the Fourth Circuit found no abuse of discretion in considering plaintiffs' good faith in pursuing claims against defendants, the closeness of the outcome, or the equities in conducting its analysis.

## OBJECTIONS

1. **No True Prevailing Party**

Here, Boeing was the prevailing party on Woods's ADA claims and its Breach of Contract counterclaim. Woods was the prevailing party on the other counterclaims. (Docket No. 83). Neither party recovered money damages from the other. Should this outcome shift towards Woods on his Motion to Alter or Amend, he would reserve the right to file his own Bill of Costs, but at this point, there truly is no winner.

2. **Plaintiff's Mitigation of Damages in his ADA Claims**

Woods immediately requested reinstatement by Boeing. He exhausted every internal review before filing a complaint with the EEOC. Even after termination, he applied for numerous jobs at Boeing. When he was denied re-employment, he undertook out of state contract work. He was finally able to secure permanent employment in Mississippi in the spring of 2012 where he is still employed today and where his family relocated.

3. **Plaintiff's Financial Status**

John Woods does not own a home. He supports a wife and a daughter in college who has significant medical needs. Until recently, he had two other dependent children. He depleted his 401K during his unemployment and has no retirement savings.

4. **Defendant's Resources**

Defendant has extraordinary resources. The State of South Carolina has invested millions of dollars in incentive packages to bring Boeing to this jurisdiction, which brings significant savings in labor compared to its Washington operations.

5. **Closeness of the Case**

This case was briefed extensively by both sides and was hard fought for two years. It involved personal medical information and highly technical subject matter. It involved an area of the law that has undergone significant statutory revision. From the Court's rulings, it is apparent that a great deal of research and analysis went into its Order granting Boeing Summary Judgment. Yet, looking at the same facts, the Magistrate recommended that two causes of action proceed to trial on Woods's ADA claims. Thus, it cannot be said that this was a clear cut case. Moreover, even as the Court granted Boeing summary judgment, it also found there was evidence from which a reasonable juror could find Boeing engaged in bad faith in the reasonable accommodations process. Even the Counterclaims were split between the parties--the Court granted Woods summary judgment on three of four of Boeing's Counterclaims, for lack of damages, and as to its Breach of Contract Counterclaim, it awarded Boeing the injunctive relief that Woods did not oppose.

6. **Plaintiff's Good Faith in Pursuing Claims**

There was no dispute that Woods was disabled as defined by the ADAAA. His requests for accommodations were well documented. His diligence in pursuing accommodations is unquestioned. The question was whether Woods was able to perform essential job functions-an issue in which the Magistrate and the Court had divergent opinions. In the end, Woods may not have proven that he could turn out templates as fast as Boeing wanted, but Boeing did not prove that it had the gold standard in planning documents. Woods may not have prevailed on a personal level, but his good faith in pursuing claims cannot be denied when the FAA made findings that supported his allegations concerning the planning documents that were a part of his job. [Docket No. 61,Exhibit 65].

7. **Costs Related to Outcome**

Boeing's 30 (b)(6) designee Marie Laczynski failed to identity any specific financial damages Boeing had suffered as a result of the allegations contained in its Counterclaims, and Boeing did not prevail on those claims. Ms. Laczynski and Mr. Gulley's testimony created issues of fact from which a reasonable juror could find Boeing acted in bad faith in the reasonable accommodations process, and on that point, Woods prevailed. As to Woods's deposition, both parties used portions of it in support of their motions, some of which were granted and others denied, thus neither party truly prevailed. Because the testimony of each witness led to favorable and unfavorable findings for each side, it is fair in this instance for each to bear its own costs.

## CONCLUSION

For the foregoing reasons, Woods respectfully requests the Court deny Boeing's assessment of costs and allow each party to bear its own costs.

Respectfully Submitted,

GRIMBALL & CABANISS, L.L.C.


By   /s/ LAURA C. WARING

LAURA C. WARING, FED.ID.#9199

PO Box 816

Charleston, SC 29402

(843) 722 0311

e mail: laura.waring@grimcab.com

ATTORNEYS FOR THE PLAINTIFF


Charleston, SC

October 21, 2013