IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

RECEIVED
USDC-CLERK CHARLESTON,SC

2013 NOV -7 A 10: 38

| | |
|---|---|
| John Woods, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> The Boeing Company, ) <br> ) <br> Defendant. ) <br> ) <br> ) | Civil Action No. 2:11-2855 <br><br><br><br> **ORDER** |

This matter comes before the Court on Defendant's motion for an award of costs in the amount of $10,851.92 under Federal Rule of Civil Procedure 54(d)(1). (Dkt. No. 89). It is well settled that a prevailing party is presumed to be entitled to the recovery of costs and that the relative disparity in wealth of the parties, the good faith of the non-prevailing party and the nature of the original claim do not change that presumption. *Cherry v. Champion Int'l Corp.*, 186 F.3d 442, 446 (4th Cir. 1999). The Court may, in its discretion, deny costs to a prevailing party where there is "an element of injustice" in the award of costs, particularly where the losing party has "an inability to pay . . . ." *Id.*

Plaintiff opposes the award of costs and makes a variety of arguments in support of this position. These include contentions that the Defendant was not the prevailing party, the Plaintiff attempted to mitigate his damages, the wealth of the Defendant, the lack of economic benefit to Defendant from the outcome of the litigation and the alleged closeness of the legal issues in the case. (Dkt. No. 92). The Court finds no merit in any of these arguments.

Plaintiff further asserts that he does not have the ability to pay the costs, noting he does not own his home, has a daughter with significant medical needs and has depleted all of his retirement savings during his recent period of unemployment. (Dkt. 92 at 3). Plaintiff's claimed economic condition has not been challenged by Defendant. This situation stands in stark contrast to the factual background in *Cherry*, where the plaintiff in an unsuccessful Title VII action filed a joint income tax return with an income exceeding $100,000 and had recently withdrawn $30,000 from a 401(k) plan to purchase a motorcycle and truck. 186 F.3d at 445.

The Court finds that under the facts presented in this matter the presumption in favor of the award of costs is overcome by the Plaintiff's lack of financial resources and inability to pay an award of costs. *See King v. Eastern Shore Water, LLC*, No. 11-cv-1482, 2013 WL 4603316 at *2 (D. Md. Aug. 27, 2013) (listing cases denying costs at least partly on the grounds that the party was of modest means and unable to pay). Therefore, the Defendant's motion to award costs (Dkt. No. 89) is **DENIED**.

AND IT IS SO ORDERED.

Richard Mark Gergel
United States District Court

November 7, 2013
Charleston, South Carolina